# UNITED STATES DISTRICT COURT
# DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Donald Preder,<br><br>　　　　Plaintiff,<br>v.<br><br>Baytex Energy USA LLC f/k/a<br>Baytex Energy USA LTD.,<br><br>　　　　Defendant. | )<br>)<br>)<br>) Case No. 1:18-cv-00257-DLH-CRH<br>)<br>) **BAYTEX ENERGY USA, LLC'S REPLY**<br>) **MEMORANDUM IN SUPPORT OF THE**<br>) **MOTION FOR SUMMARY JUDGMENT**<br>)<br>) |

COMES NOW the Defendant, Baytex Energy USA LLC f/k/a Baytex Energy USA LTD. ("Baytex"), by and through its undersigned counsel of record, Courtney Presthus of Ebeltoft . Sickler . Lawyers . PLLC, and hereby submits its Reply Memorandum in Support of the Motion for Summary Judgment.

## Introduction

Plaintiff Donald Preder ("Preder") filed for chapter 7 bankruptcy protection. He did not disclose this cause of action, though the law required him to do so. Baytex moved for summary judgment for lack of standing and judicial estoppel. That motion was well-taken.

In response, Preder argues that he has now disclosed this case to his bankruptcy trustee, who has re-opened the bankruptcy and received bankruptcy court approval to employ Preder's counsel. Preder also contends that his initial non-disclosure was unintentional.

Most importantly, Baytex does not assert lack of standing or judicial estoppel *against the bankruptcy trustee*. The trustee, in fact, has exclusive standing to pursue this case, and Preder's actions do not bind the trustee for judicial estoppel purposes. The trustee is not a party to this action; Preder is the sole plaintiff in his personal capacity.



Thus, the case should be dismissed because Preder lacks standing. Further, Preder has not presented sufficient evidence to create a material issue of fact on judicial estoppel; namely, his self-serving affidavit claiming inadvertence should be rejected by the court as contrary to his prior sworn testimony. Judicial estoppel is intended to protect the integrity of the courts. It would harm the integrity of the courts to allow Preder to get away with concealing this cause of action and then allow disclosure only when caught without consequence. Preder should be individually estopped from pursuing this case. For these reasons, the court should grant summary judgment in its entirety.

## Standing

Preder argues that both he and the trustee have standing to prosecute this case. However, those are two separate issues which are addressed in turn.

**1.     Trustee's Standing**

Baytex never argued that the bankruptcy trustee lacked standing to pursue this case. On the contrary, Baytex argued that it was the bankruptcy trustee that had, and still has, exclusive standing to prosecute this cause of action because it is part of the bankruptcy case:

> Any unresolved cause of action at the time of filing passes to the trustee as representative of the estate, who is responsible for asserting that cause of action whenever necessary for collection or preservation of the estate.

(Baytex's Mem. in Support, Doc. 21, at 5.)

However, the trustee is not the plaintiff in this case. Preder filed this lawsuit on his own behalf. He is still the named plaintiff. The trustee has not substituted in as a party. Though Preder has indisputably gone to the bankruptcy court, which has appointed counsel to pursue this cause of action, the trustee has not yet taken steps to either (a)



2

substitute in as the plaintiff asserting himself as the real party-in-interest, see Fed. R. Civ. P. 17(a)(3), or (b) file a new lawsuit asserting these claims.

Though Baytex does not dispute the bankruptcy trustee's standing to pursue this claim, the trustee is not a party. The case as it stands currently must be dismissed for lack of standing.

## 2. Preder's Lack of Standing

Preder asserts that he has standing, apparently independent of the trustee's exclusive standing. (See Preder's Response, Doc. 26, at ¶ 21.) He argues that the severity of his injuries makes it "reasonable to believe" that he will win from this lawsuit "an award in excess of the stated claims" in his bankruptcy case, $61,051.80.[1] (Id.)

Preder's primary case in support is In re Nangle, 288 B.R. 213, 216 (B.A.P. 8th Cir. 2003), aff'd 83 Fed. Appx. 141, 142 (8th Cir. 2003). That case was a bankruptcy case. Nangle filed for chapter 7 bankruptcy protection. Id. at 214. The trustee filed a complaint against the debtor and his wife, seeking to avoid two fraudulent transfers the wife made. Id. at 214–15. Settling with the wife, the trustee moved to approve the settlement, which the bankruptcy court granted. Id. at 215. The debtor, Donald Nangle, tried to appeal that bankruptcy court ruling. Id.

The Eighth Circuit's Bankruptcy Appellate Panel applied the so-called "hopelessly insolvent debtor" rule, citing Seventh Circuit precedent. Id. at 216. Under that rule, if a debtor would not be entitled to a surplus (i.e., a return after the bankruptcy trustee pays

---

[1] Baytex notes that this figure is misleading — it represents the claims that creditors *filed* in the bankruptcy. But Preder previously *scheduled* $308,748.93 in unsecured debt. (See Doc. 21-1, p. 45 of 77.) With knowledge of a new potential asset, the creditors might have filed more claims; further, the trustee can file claims on behalf of the creditors in administering the estate. So Preder is not necessarily entitled to a surplus if he recovers more than $61,051.80 in this case.



3

creditors), then no order of the bankruptcy court would "diminish the debtor's property, increase his burdens, or detrimentally affect his rights." *Matter of Andreuccetti*, 975 F.2d 413, 417 (7th Cir. 1992). In other words, if the debtor is "hopelessly insolvent," a bankruptcy court's order does not affect the debtor, and the debtor lacks standing to appeal a ruling of the bankruptcy court. *Id.* But, if there is a reasonable possibility of a surplus, standing exists because the debtor has a pecuniary interest in the management of the bankruptcy estate. *Id.* This is a prudential rule of standing — a corollary to the normal rule that only persons aggrieved by a ruling can appeal it. *See In re Reiff*, 33 Fed. Appx. 878, 879 (9th Cir. 2002).

The reason Donald Preder lacks standing is different in every way but the word "standing." Rather than being a prudential rule of standing relating to the ability to appeal, the rule depriving Preder of standing results from the bankruptcy code and the creation of the bankruptcy estate. In a chapter 7 case, all of the debtor's pre-petition property is transferred to the bankruptcy estate by operation of law. *Schwab v. Reilly*, 560 U.S. 770, 785 (2010); *Combs v. The Cordish Companies, Inc.*, 862 F.3d 671, 679 (8th Cir. 2017); 11 U.S.C. § 541(a). The bankruptcy law strips a debtor from standing to pursue causes of action that are in the chapter 7 bankruptcy estate. *See, e.g., In re Brokaw*, 452 B.R. 770, 773 (Bankr. E.D. Mo. 2011) ("[A]fter appointment of a trustee, a Chapter 7 debtor no longer has standing to pursue a cause of action which existed at the time the Chapter 7 petition was filed. Only the trustee, as representative of the estate, has the authority to prosecute and/or settle such causes of action."); *accord* 11 U.S.C. § 323(a); *Vreugdenhil v. Hoekstra*, 773 F.2d 213, 215 (8th Cir.1985); *Harris v. St. Louis Univ.*, 114 B.R. 647, 648 (E.D. Mo. 1990).



Because the trustee is not currently a party, and because Preder lacks individual standing, this case must be dismissed for lack of standing. Summary judgment is proper.

### Judicial Estoppel

Judicial estoppel protects the integrity of the judicial process by prohibiting parties from "deliberately changing positions according to the exigencies of the moment." *New Hampshire v. Maine*, 532 U.S. 742, 749–50 (2001). Judicial estoppel applies where (1) the party to be estopped has asserted inconsistent positions, (2) the initial court accepted the position, and (3) the party would derive an unfair advantage or impose an unfair detriment unless estoppel is applied. *New Hampshire*, 532 U.S. at 750–51.

Preder has conceded the first two factors by not opposing them. (*See* Preder's Response, ¶ 25.) The only remaining issue is whether Preder would derive an unfair advantage or impose an unfair detriment unless judicial estoppel is applied. That unfair advantage was the discharge of his debts without disclosing a purportedly valuable, albeit contingent, asset that could be used to satisfy his creditors.

First, Baytex stresses that it is **not** arguing that Preder's bankruptcy trustee should be estopped. Baytex acknowledges that an innocent bankruptcy trustee cannot be estopped based on a debtor's actions. The bankruptcy trustee, as explained above however, is not a party to this case. And, even if the bankruptcy trustee becomes a party, this Court can and should still estop Preder from receiving any proceeds from the suit. *See Reed v. City of Arlington*, 650 F. 3d 571, 573 (5th Cir. 2011) (affirming the district court's order estopping the debtor but not the bankruptcy trustee, which balanced the need to protect the integrity of the courts while also allowing an innocent trustee to pursue assets for the benefit of creditors).



5

Preder's primary argument is that he inadvertently failed to list this claim and that the omission was not intentional or "done with intent to mislead the court or his creditors." (Response, ¶ 27.) Preder also argues in his Response that he does not even have a high-school degree, that he lacked sufficient education to understand the disclosure requirement, and that he relied on his bankruptcy attorney through the process. (Response, ¶ 28; Affidavit, ¶¶ 3–10.)

Nevertheless, a debtor's failure to satisfy the statutory disclosure duty is "inadvertent" only when the debtor either lacks knowledge of the undisclosed claims or has no motive for their concealment. *Jones v. Bob Evans Farms, Inc.*, 811 F.3d 1030, 1034 (8th Cir. 2016). Here, Preder makes no argument that he lacked knowledge of the undisclosed claim when he filed his bankruptcy schedules. Further, he had a clear motive to conceal his largest asset — to avoid using it to satisfy his creditors — while he discharged the debt of those very same creditors.

Preder essentially argues that he was ignorant of the law and his legal obligation to disclose all claims, including contingent causes of action. It is elementary, though, that ignorance of the law is generally not a valid excuse. *See, e.g.*, *Town of S. Ottawa v. Perkins*, 94 U.S. 260, 269, 24 L. Ed. 154 (1876) ("Not only the courts, but individuals, are bound to know the law, and cannot be received to plead ignorance of it."); *Whiteside v. United States*, 93 U.S. 247, 257, 23 L. Ed. 882 (1876) ("ignorance of the law furnishes no excuse for any mistake or wrongful act"); *State v. Thorstad*, 261 N.W.2d 899, 905 (N.D. 1978) ("it is a well-established rule that ignorance of the law excuses no one"); *Hands v. Winn-Dixie Stores, Inc.*, CIV.A. 09-0619-WS N, 2010 WL 4496798, at *4 n.8 (S.D. Ala. Nov. 1, 2010) ("This *post hoc* plea of ignorance of bankruptcy disclosure requirements ... does not qualify as inadvertence under applicable Eleventh Circuit



6

authorities, given Hands' knowledge of his claims and his direct economic incentive to secret them from bankruptcy creditors").

Moreover, Preder's affidavit does not explain the untruthful testimony given under oath at his meeting of the creditors. Preder testified personally in the § 341 meeting. Preder was asked directly, in plain language: "Does anybody owe you any money or could you sue anyone for any reason whatsoever?" (SUMF, ¶ 10.) Preder unequivocally answered, "No." (SUMF, ¶ 10.) Preder does not dispute this vital fact. Nor does he explain if or why he misunderstood this question in his affidavit. He does not explain how this question is difficult. His response to the motion for summary judgment does not address this fact. In short, he has not created an issue of material fact on his inadvertence.

Preder's affidavit is insufficient to avoid summary judgment. "Generally, a court should consider an affidavit submitted in response to a motion for summary judgment when that affidavit elaborates upon or clarifies information already submitted." *Cole v. Homier Distrib. Co., Inc.*, 599 F.3d 856, 867 (8th Cir. 2010). "However, a party cannot avoid summary judgment by contradicting previous sworn testimony. ... If testimony under oath ... can be abandoned many months later by the filing of an affidavit, probably no cases would be appropriate for summary judgment." *Id.* (internal citation omitted). If a debtor such as Preder is allowed to avoid summary judgment on judicial estoppel by submitting this affidavit claiming mistake — with zero explanation of *why* he is contradicting prior sworn testimony and claiming mistake — no judicial estoppel cases would be appropriate for summary judgment. This Court should ignore Preder's self-serving, conclusory affidavit.

Finally, Preder further misses the mark completely when he argues that it would be a miscarriage of justice if innocent creditors would be unable to collect on their debts,



while Baytex gets a windfall. (Preder's Response, ¶ 29.) On the contrary, Baytex has never asserted that the bankruptcy trustee should be estopped. Moreover, where was Preder's concern for his creditors when he accepted a discharge of over $300,000.00 of debt without disclosing this lawsuit, in which he has demanded in excess of $2 million? (Doc. 26-5, p. 5 of 8, ¶ 33.) It is Preder, not Baytex, that failed to honor a sworn duty to disclose this cause of action. Judicial estoppel must "protect the integrity of the judicial process." *New Hampshire*, 532 U.S. at 749. If the Court fails to estop Preder on these facts, "litigants will have carte blanche to attempt to deceive the courts. Then, when caught, they can simply say, 'Oh, well!,'" run to the bankruptcy court, and disclose the cause of action with no consequences after being caught. *See Smith v. Integrated Mgmt. Services, LLC*, 2019 IL App (3d) 180576, ¶ 27.

This Court should enforce judicial estoppel. There is no dispute of material fact. Preder lied under direct questioning under oath, and his self-serving affidavit is insufficient to avoid summary judgment. Preder should be judicially estopped from pursuing this cause of action.

### Conclusion

Preder's failure to disclose this cause of action deprives him (but not his bankruptcy trustee) of standing. Further, Preder's false statements under oath, under direct and simple questioning, and his breach of his duty to disclose this cause of action trigger the application of judicial estoppel. Baytex's motion should be granted on both grounds.



Dated this 14th day of October, 2019.

        Ebeltoft . Sickler . Lawyers PLLC
        Lawyers for the Defendant
        2272 8th Street West
        Dickinson, North Dakota 58601
        701.225.LAWS (5297)
        701.225.9650 fax
        cpresthus@ndlaw.com

        By: /s/ Courtney Presthus
            Courtney Presthus, Lawyer #06741


## CERTIFICATE OF SERVICE

I hereby certify that on October 14, 2019, a true and correct copy of the foregoing **BAYTEX ENERGY USA, LLC'S REPLY MEMORANDUM IN SUPPORT OF THE MOTION FOR SUMMARY JUDGMENT** was filed electronically with the Clerk of Court through ECF, and that ECF will send a Notice of Electronic Filing (NEF) to the following person:

Thomas A. Dickson                        tdickson@dicksonlaw.com
PO Bo x1896
Bismarck, ND 58502-1896

        By:   /s/ Courtney Presthus
             Courtney Presthus, Lawyer #06741



9